# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ELIAS RODRIGUEZ, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:00-1003 |
| | ) JUDGE TRAUGER/KNOWLES |
| TENNESSEE LABORERS HEALTH AND WELFARE FUND, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion for An Award of Attorneys' Fees" (Docket No. 125), which Judge Trauger has referred to the undersigned (Docket No. 144). Defendant has filed a Response in Opposition to the Motion (Docket No. 131) and the Affidavit of its counsel (Docket No. 132-1), Plaintiff has filed a Reply to the Response (Docket No. 140), and, with leave of Court (Docket No. 145), Defendant has filed a second Response in Opposition to the Motion (Docket No. 146).

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), seeking a declaration that: (1) he was eligible for coverage under the terms of Defendant's ERISA plan and (2) that Defendant was not entitled to subrogation or reimbursement as a result of benefits it had paid on Plaintiff's behalf. Docket No. 1. Judge Trauger subsequently entered an Order holding that Plaintiff was eligible for coverage under Defendant's ERISA plan and that the "make whole" doctrine applied to Defendant's right of reimbursement under the plan

(Docket Nos. 43, 44), and the Sixth Circuit upheld Judge Trauger's decision. Docket No. 77.

Following the entry of Judge Trauger's Order ruling for Plaintiff, Plaintiff filed a "Motion for an Award of Attorneys' Fees, Prejudgment Interest, and Costs" (Docket No. 72). After the Sixth Circuit affirmed Judge Trauger's decision, Plaintiff filed a "Supplemental Motion for an Award of Attorneys' Fees, Prejudgment Interest, and Costs Incurred on Appeal." (Docket No. 80).

Judge Trauger referred the previous attorneys' fees motions to the undersigned and the undersigned submitted a Report and Recommendation recommending that Plaintiff be awarded attorneys' fees in the amount of $181,401.10. Docket No. 111. Defendant submitted objections to the Report and Recommendation (Docket No. 112), but Judge Trauger overruled Defendant's objections and affirmed the Report and Recommendation, thus ordering Defendant to pay Plaintiff total attorneys' fees in the amount of $181,401.10 (Docket No. 119).

Defendant appealed Judge Trauger's Order requiring it to pay Plaintiff's attorneys' fees. Docket No. 120. The Sixth Circuit affirmed Judge Trauger's Order. Docket No. 123.

Plaintiff then filed the pending "Motion for an Award of Attorneys' Fees," which seeks attorneys' fees in the amount of $69,852.50 incurred by Plaintiff's counsel in connection with the appeal of Judge Trauger's decision that awarded Plaintiff his attorneys' fees in the amount of $181,401.10.

In the previous Report and Recommendation, the undersigned extensively discussed a Court's authority to award attorneys' fees pursuant to 29 U.S.C. § 1132(g), which provides in pertinent part:

> In any action under this title (other than an action described in paragraph 2 [which relates to delinquent employer contributions]) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1).

The Court also noted that the Sixth Circuit has adopted a five-factor test for district courts to consider in determining whether to exercise their discretion to award fees and costs under § 1132(g):

> (1) The degree of the opposing party's culpability or bad faith;
>
> (2) The opposing party's ability to satisfy an award of attorney's fees;
>
> (3) The deterrent effect of an award under other persons under similar circumstances;
>
> (4) Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
>
> (5) The relative merits of the parties' positions.

*Hoover v. Provident Life and Accident Ins. Co.,* 290 F.3d 801, 809 (6th Cir. 2002). The Sixth Circuit first adopted the test set forth above in *Secretary of Labor v. King*, 755 F.2d 666, 669 (6th Cir. 1985), and these five factors are often referred to as the *King* factors. The Sixth Circuit has further held that, "Because no single factor is determinative, the Court must consider each factor before exercising its discretion." *Wells v. United States Steel,* 76 F.3d 731, 736 (6th Cir. 1996).

Initially, the Court notes that, while Plaintiff discusses each of the *King* factors in connection with the instant Motion, Plaintiff primarily attempts to rely upon the Court's previous conclusions on these factors as set forth in the prior Report and Recommendation. For example, with regard to the second *King* factor, Plaintiff merely argues that the Court has previously found that Defendant could pay Plaintiff's fees, but that it was simply unwilling to do so. With regard to the third *King* factor, Plaintiff similarly argues that the Court previously found that this factor weighs in favor of Plaintiff. Plaintiff also states, "A fee award for Defendant's latest appeal will have a deterrent effect

3

on other health plans that are considering appealing fee awards on a jurisdictional basis."[1] Docket No. 126-1, p. 7. With regard to the fourth *King* factor, Plaintiff basically argues that the Court previously determined that Plaintiff had conferred a common benefit on the other participants with regard to the substantive issues of subrogation and the "make whole" doctrine. Plaintiff fails to explain, however, how he conferred a benefit on other plan participants with regard to Defendant's appeal of the previous award of attorneys' fees to Plaintiff. Finally, with regard to the fifth *King* factor, the relative merits of the parties' positions, Plaintiff argues that he "has prevailed at every stage of this litigation."

For the most part, Plaintiff does not even attempt to analyze the *King* factors in the context of his appeal to the Sixth Circuit and the instant Motion for attorneys' fees. In other words, Plaintiff apparently believes that he can convince the Court that its previous determinations with regard to the *King* factors should simply be parroted, wholesale, by the Court.

Plaintiff's position is not well-taken. The Sixth Circuit has held that, when considering whether to award fees for appellate legal services, the Court is to examine the bad faith or culpability of a party based upon actions and arguments asserted in the appeal, as opposed to events leading to the underlying lawsuit. *Schwartz v. Gregori,* 160 F.3d 116, 119 (6th Cir. 1998).

Plaintiff does discuss the first *King* factor (Defendant's culpability or bad faith) in the context of Plaintiff's appeal to the Sixth Circuit and the instant Motion for attorneys' fees. Thus,

---

[1] The Sixth Circuit has stated, "fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Foltise v. Guardsmen Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). "When there is little evidence of culpability or bad faith, however, there is no reason to seek deterrence beyond that which comes with holding fiduciaries liable for their breaches of fiduciary duty." *Gard v. Blankenburg,* 2002 U.S. App. LEXIS 2963 at \*\*28 (6th Cir.) (citation omitted).

Case 3:00-cv-01003   Document 149   Filed 07/23/07   Page 4 of 10 PageID #: 246

the Court will consider Plaintiffs' argument concerning this factor.

Plaintiff argues that he does not have to show "bad faith" on the part of Defendant in order to recover attorneys' fees, and that he need only show that Defendant's culpability was high. Plaintiff argues that the Court previously found that Defendant was culpable under the *King* test. Plaintiff argues that, even after the Court made its previous determination concerning Defendant's culpability, "Defendant's 'culpable' behavior continued," when "Defendant employed every avenue possible to avoid or minimize or postpone the impact of the Court's initial ruling." Docket No. 126-1, p. 4.

Plaintiff's main argument in support of this position is that the sole issue Defendant presented on appeal "had already been settled by this Court and the Sixth Circuit on the previous appeal." Docket No. 126-1, p. 4. The Sixth Circuit stated that sole issue as follows: "[Defendant] claims that the district court lacked subject matter jurisdiction under 29 U.S.C. § 1132(a)(3), because [Plaintiff] brought a claim for declaratory relief not cognizable as equitable relief under ERISA." Docket No. 123, p. 2. Plaintiff argues:

> In her Memorandum and Order granting Plaintiff's Motion to Vacate Decision of Plan Administrator, Judge Trauger specifically stated, "Although the Plaintiff initially brought his claims under both section 1132(a)(1)(B) and section 1132(a)(3), in his Motion to Vacate the Decision of the Plan Administrator, he characterizes his claims as arising under section 1132(a)(3) 'to enforce the terms of an employee benefit plan.'" Docket No. 43, p. 5. The Sixth Circuit has previously ruled on the merits of the case and found that Plaintiff had properly filed a claim for declaratory relief under ERISA, 29 U.S.C. § 1132(a)(3): "Rodriguez did not make the payments and instead brought suit under ERISA, 29 U.S.C. § 1132(a)(3), in the United States District Court for the Middle District of Tennessee. With his complaint, Rodriguez sought a declaration of his rights under the terms of the plan." *Rodriguez v. Tennessee Laborers Health and Welfare Fund*, 2004 U.S. App. LEXIS 2067 (6th Cir. Feb. 6, 2004). The Sixth Circuit's ruling on the merits of Plaintiff's ERISA claim

5

> was a finding that Plaintiff had properly sought a claim for equitable relief over which the district court had jurisdiction. Defendant's appeal over an issue that had already been settled certainly qualifies as culpable.

Docket No. 126-1, p. 5.

Plaintiff's argument that the sole issue presented by Defendant on appeal "had already been settled by this Court and the Sixth Circuit on the previous appeal" (Docket No. 126-1, p. 4), is simply wrong. Neither Judge Trauger's decision on the merits of the instant case, nor the Sixth Circuit's affirmance of that decision discussed, much less "settled," any issue that this Court lacked subject mater jurisdiction under 29 U.S.C. § 1132(a)(3) because Plaintiff brought a claim for declaratory relief not cognizable as equitable relief under ERISA. Insofar as the record shows, neither party challenged this Court's jurisdiction on this ground in connection with Judge Trauger's decision on the merits or in connection with the Sixth Circuit's decision on the merits. Additionally, if the issue had already been settled, surely the Sixth Circuit would simply have said that in its Opinion, and Plaintiff presumably would have sought sanctions from the Sixth Circuit for Defendant's filing a frivolous appeal.

Furthermore, an analysis of the state of the law as it existed at the time of Defendant's appeal, which was filed on June 30, 2005, shows that Defendant's conduct in appealing was plainly not culpable.

Judge Campbell had entered an Order on September 29, 2004, in *Primax Recoveries, Inc. v. Gunter*, No. 3:02-0240, United States District Court for the Middle District of Tennessee. In that Order, Judge Campbell denied defendants' application for attorneys' fees, stating in part as follows:

> After this Court granted summary judgment to Defendants . . . , the Court of Appeals for the Sixth Circuit held in [*QualChoice v. Rowland*, 367 F.3d 638 (6th Cir. 2004)] that "a plan fiduciary's action

6

> to enforce a plan-reimbursement provision is a legal action," not an equitable action, and thus the District Court lacked subject matter jurisdiction under ERISA. . . . The Court finds that *QualChoice* applies to this case and that this Court is without subject matter jurisdiction to award attorneys fees or expenses.

Docket No. 132-2, p. 2.

Relying upon Judge Campbell's decision in *Primax,* the Sixth Circuit's decision in *QualChoice,* and the Sixth Circuit's decision in *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619 (6th Cir. 2003), Defendant appealed Judge Trauger's decision to award attorneys' fees to Plaintiff. Defendant argued that, while 29 U.S.C. § 1132(a)(3) provides for equitable relief, Plaintiff did not obtain equitable relief, but instead actually received legal relief in the form of declaratory relief. Thus, Defendant argued that this Court lacked subject matter jurisdiction over the merits of the case and, therefore, that this Court could not award attorneys' fees to Plaintiff.

Approximately six months after Defendant filed its appeal in the case at bar, the Sixth Circuit reversed Judge Campbell's decision in *Primax*. *See Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515 (6th Cir. 2006). In its decision in *Primax*, the Sixth Circuit ruled that federal courts do have subject matter jurisdiction over claims brought under § 1132(a)(3) even if those claims are brought solely for legal relief. 433 F.3d at 517. Based upon "intervening Supreme Court precedent," the Sixth Circuit in *Primax* also "rejected" its rulings in *QualChoice* and *Mosser. Id.*

The Sixth Circuit explained the foregoing in its opinion in the case at bar upholding Judge Trauger's award of attorneys' fees as follows:

> The statute in question, 29 U.S.C. § 1132(a)(3), authorizes a civil action
>
>> by a participant beneficiary or fiduciary (A) to enjoin any act or practice which violates any provisions of this title or the terms of the plan, or (B) to obtain

7

> other appropriate equitable relief (i)
> to redress such violations or (ii) to enforce any
> provision of this title or the terms of the plan.

[Defendant] claims that the district court erred in exercising subject matter jurisdiction pursuant to this statute, because neither part (A) nor part (B) confers jurisdiction over a claim for declaratory relief. According to this rationale, the district court's lack of jurisdiction over the merits of the case precluded the court from awarding attorneys' fees.

. . .

[Defendant] argues that under *Great West-Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), plaintiff's claim for declaratory relief does not fall within the traditional equitable remedies conferred by § 1132(a)(3). . . .

[Defendant] argues that because *Knudson* found that § 1132(a)(3) encompasses only equitable relief, and because [Plaintiff's'] claim is for declaratory relief not expressly authorized by § 1132(a)(3), the district court lacked subject matter jurisdiction to consider [Plaintiff's] claim. We find [Defendant's] argument to be without merit.

In *QualChoice, Inc. v. Rowland*, 367 F.3d 638, 642 (6th Cir. 2004), and *Community Health Plan of Ohio v. Mosser,* 347 F.3d 619, 624 (6th Cir. 2003), this court held that subject matter jurisdiction over a § 1132(a)(3) action existed where the plaintiff sought equitable relief, but did not where the claim was for legal relief. However, in *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 525 (6th Cir. 2006), this court ruled that federal courts *do* have subject matter jurisdiction over claims brought under § 1132(a)(3), even if those claims are brought solely for legal relief. The *Primax* Court stated that "[d]ue ro intervening Supreme Court precedent, we reject our prior characterization [in *QualChoice* and *Mosser*] and hold that a district court has subject-matter jurisdiction in such cases, even if the pleading fails to state a claim upon which relief can be granted." *Id.,* at 516. We find that our ruling in *Primax* is dispositive of [Defendant's] jurisdictional challenge here. Although equitable relief can be granted under § 1132(a)(3)(B), federal subject matter jurisdiction nonetheless exists over claims brought under § 1132(a)(3) for other types of relief as well.

8

Docket No. 123, p. 2-3.

In summary, at the time Defendant filed its Notice of Appeal, *QualChoice* and *Mosser* were controlling, and Defendant had a legitimate argument that this Court did not have subject matter jurisdiction over a § 1132(a)(3) claim that was for legal, not equitable, relief. That was precisely the issue Defendant raised on the appeal. The facts that the law changed while the case was on appeal, and that Defendant ultimately lost the appeal, do not establish Defendant's culpability.[2]

The foregoing discussion is also relevant to the consideration of the fifth *King* factor, namely the relative merits of the parties' positions. At the time Defendant filed its Notice of Appeal, its position was fully supported by Judge Campbell's decision in *Primax* and the Sixth Circuit's decisions in *QualChoice* and *Mosser*. Defendant's arguments clearly had merit.

Finally, Defendant raises a specific objection to the instant Motion to the extent that it seeks compensation for time and expenses incurred prior to Defendant's filing of an appeal on June 30, 2005. Docket No. 131, p. 14-15. Plaintiff argues that his counsel "is entitled to be compensated for these tasks since they were necessitated by Defendant's litigation conduct and unwarranted appeal of the fee award." Docket No. 140, p. 6. Because Plaintiff seeks these fees in connection with Defendant's appeal, Plaintiff is not entitled to an award of these fees for the reasons discussed above.

For the foregoing reasons, Plaintiff has not shown, under the five factors that set forth in

---

[2] Plaintiff also attempts to argue that Defendant engaged in culpable conduct during and in connection with a Settlement Conference conducted by the undersigned. Docket No. 126-1, p. 5. This argument was the subject of two Motions to Strike filed by Defendant (Docket Nos. 129, 141). While the undersigned has declined to strike the challenged portions of Mr. Hodde's Affidavits addressing these matters, the undersigned has concluded that the Court should not consider these arguments. Docket No. 148.

9

*King,* that he is entitled to an award of attorneys' fees incurred by Plaintiff's counsel in connection with the appeal of Judge Trauger's decision that awarded Plaintiff his attorneys' fees in the amount of $181,401.10. Thus, the undersigned recommends that Plaintiff's "Motion for an Award of Attorneys' Fees" (Docket No. 125) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge

10