# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

ELIAS RODRIGUEZ,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Civil No. 3:00-1003
                                    )        Judge Trauger
TENNESSEE LABORERS HEALTH and       )         Magistrate Judge Knowles
WELFARE FUND,                       )
                                    )
        Defendant.                  )

## MEMORANDUM and ORDER

Pending before the court are the plaintiff's Objections (Docket No. 150) to the Magistrate

Judge's Report and Recommendation issued July 23, 2007 (Docket No. 149), to which the

defendant has responded (Docket No. 151). The Report and Recommendation recommended

that the plaintiff not be awarded his fees for the second appeal in this case.

A motion for attorney's fees referred to the Magistrate Judge is to be treated as a

dispositive pretrial matter. Rule 54(d)(2)(D), FED. R. CIV. P. As such, this court must review *de*

*novo* any portion of the Report and Recommendation to which a specific objection is made.

Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis,* 237 F.3d 598, 603

(6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The plaintiff concedes that the five factors set out in the Report and Recommendation

(the "*King* factors") (Docket No. 149 at 3), are the factors to be considered in awarding fees

under ERISA and that no single factor is determinative. Those factors are as follows:

(1) The degree of the opposing party's culpability or bad faith;

(2) The opposing party's ability to satisfy an award of attorney's fees;

1

(3) The deterrent effect of an award under other persons under similar circumstances;

(4) Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and

(5) The relative merits of the parties' positions.

*Hoover v. Provident Life and Accident Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002)

The plaintiff devotes most of the argument in his objections to the first factor, the culpability of the defendant in pursuing the second appeal. The Magistrate Judge exhaustively analyzed this factor (Docket No. 149 at 4-9), and the plaintiff's objection is not persuasive. Basically the plaintiff argues that his win on both the merits and the attorney's fee award in the first appeal was a determination by the Sixth Circuit Court of Appeals that this court had subject matter jurisdiction to find in the plaintiff's favor. That assertion is in error. The affirmance by the Sixth Circuit in its initial unreported decision did not deal with subject matter jurisdiction. *See* Docket No. 77.

After this court awarded a substantial attorney's fee to the plaintiff, the defendant decided to attack that award on appeal by making the jurisdictional argument. This was a creative strategy that, at the time of the appeal, had case law support. However, by the time the Sixth Circuit issued its opinion affirming the award of attorney's fees in a reported decision, the law had changed. *See* Docket No. 123. The head-on challenge to subject matter jurisdiction as a means to reverse the attorney's fee award was rejected by the Sixth Circuit, but this court cannot find the pursuit of the second appeal on that basis in any way culpable or bad faith conduct.

With regard to the second and third *King* factors, the plaintiff objects to the Magistrate

2

Judge's finding that the plaintiff did not address these factors with reference to the second appeal but merely relied upon the district court's prior findings as to those factors. The objection does not in any way show that that finding by the Magistrate Judge was without foundation and, indeed, the objection merely restates this court's prior findings. The court notes, with regard to the second factor, that the defendant does concede that it has funds to pay the additional attorney's fees but asserts that payment "would be at the expense of other participants." (Docket No. 151 at 4) With regard to the third factor, the defendant makes the meritorious argument that parties with legitimate grounds for appeal ought not be deterred from that course of action "for fear of an attorney's fee award." *Id.,* citing *Schwartz v. Gragori*, 160 F.3d 1116, 1120-21 (6th Cir. 1989).

　　　With regard to the fourth factor, the plaintiff complains that the Magistrate Judge concluded that the plaintiff had failed to explain how he had conferred a benefit on other plan participants by defending the fee award on appeal. The plaintiff simply asserts that this factor does not apply to a plaintiff seeking to defend a fee award on appeal (Docket No. 150 at 9), and he may be correct about that.

　　　With regard to the fifth factor, the relative merits of the parties' positions, the plaintiff complains that the "Magistrate Judge did not focus on the fact that Plaintiff *prevailed* on this latest appeal." (Docket No. 150 at 9) In fact, the Magistrate Judge rightfully found that the defendant's arguments on appeal "clearly had merit" at the time they were lodged. (Docket No. 149 at 9) The plaintiff's contention that, because he prevailed on appeal, this factor weighs in his favor is not persuasive.

　　　On balance, this court finds in this *de novo* review, as the Magistrate Judge did, that the

*King* factors weigh in favor of the defendant's position and against an award of fees on appeal to the plaintiff. The objections filed by the plaintiff are without merit and are hereby **OVERRULED**. For the reasons expressed herein, the Report and Recommendation is **AFFIRMED**, and the plaintiff's Motion for an Award of Attorney's Fees on appeal (Docket No. 125) is **DENIED**.

It is so **ORDERED**.

ENTER this 12th day of September 2007.

ALETA A. TRAUGER
U.S. District Judge

4